# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05CR14-01

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| LAURA LEE DRYMAN. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on May 2, 2005 by the United States Probation Office and upon an addendum violation report filed May 4, 2005 by the United States Probation Office. In the violation report and the addendum violation report, the United States Probation Office has alleged that the defendant has violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with her counsel, Kyle King, and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant and the records in this cause, the court makes the following findings.

**Findings:** At the call of the matter, the defendant, by and through her attorney, admitted the allegations contained in the violation report and the addendum to violation report. The Government introduced, without objection, the violation report and the addendum violation report into evidence.

The defendant was charged, in a bill of indictment, filed February 8, 2005 with possession

of Pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(c). The defendant was also charged in the bill of indictment with owning or occupying a place that was used for the purpose of unlawfully manufacturing or using a controlled substance in violation of 21 U.S.C. § 856(a)(1). An initial appearance was held in regard to detention of the defendant on February 15, 2205. On that date, the undersigned entered an order releasing the defendant on a $5,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

> (7)(h) Travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pre-trial Services;
>
> (7)(l) That the defendant refrain from any use of alcohol; and
>
> (7)(q) That the defendant participate in a home confinement program component which included curfew with electronic monitoring.

On April 13, 2005, the defendant admitted to her United States Probation Officer that she had consumed alcohol in violation of the terms and conditions of her pretrial release. On April 18, 2005, the defendant violated the terms of her curfew when she failed to return home at 6:00 o'clock p.m. and instead returned home at 10:18 p.m. On April 30, 2005, the defendant again violated her curfew when she failed to return home at 6:00 o'clock p.m. and did not return home until May 1, 2005 at 5:59 p.m. The defendant, at that time, admitted that she had been consuming alcohol during the twenty-four (24) hours that her whereabouts were unknown to her United States Probation Officer. On May 2, 2005 the defendant failed to report to the U.S. Probation Office as directed. The defendant left her residence on that date and never returned and had absconded her pretrial supervision. For a period of time the defendant's whereabouts were unknown. A warrant for arrest was issued by the undersigned on May 5, 2005. The defendant was then arrested in the State of

Florida on May 11, 2005 and was returned to the Western District of North Carolina for further proceedings.

**Discussion:** 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is clear and convincing evidence that the defendant has violated her conditions of release. She has traveled outside of the Western District of North Carolina and has traveled as prohibited by the Office of Probation and Pretrial Services. The defendant has used and consumed alcohol and has violated terms and conditions of her home confinement program which included curfew.

The undersigned has considered the factors as set forth under 18 U.S.C. 3142(g) and finds, based upon those factors and the conduct of the defendant, that there are no conditions or combination of conditions that would assure that the defendant will not flee and further, that the defendant is a person who is unlikely to abide by any condition or combination of conditions of

release.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: June 27, 2005**

_____
Dennis L. Howell
United States Magistrate Judge