# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION DIVISION
# 2:05 CR 14-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LAURA LEE DRYMAN, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on September 27, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared the defendant was present with her counsel, James W. Kilbourne, Jr. and the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: Defendant was charged in a bill of indictment filed on February 8, 2005 with possession of Pseudoephedrine with intent to manufacture methamphetamine in violation of 21 USC § 841(a)(1) and 841(c). Defendant was also charged with owning or occupying a place that was used for the purpose of unlawfully

manufacturing or using a controlled substance in violation of 21 USC § 856(a)(1). Defendant entered a plea of guilty and was sentenced on October 10, 2005 to a term of 54 months imprisonment. Defendant was placed on supervised release on August 8, 2008. On July 13, 2010 a petition was filed alleging that the defendant had violated terms and conditions of her supervised release. On July 29, 2010, the undersigned placed defendant on prehearing release. One of the conditions of prehearing release was as follows:

(3) The defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number.

Testimony was presented through U.S. Probation Officer Steven Cook. Officer Cook testified he had given defendant permission to reside with her daughter in Matthews, NC. On September 20, 2010, defendant's daughter placed a telephone call to Officer Cook. The daughter advised Officer Cook the defendant had left her residence and was no longer living with her. The daughter further advised Officer Cook she had seen her mother put some of her items of personal property in storage, that her mother had destroyed various items of identification, her mother had left her residence and she did not know of her whereabouts. Later, defendant's daughter advised Officer Cook the defendant was staying at a homeless camp in Charlotte, NC.

2

Officer Cook did not know where defendant was actually located from September 18, 2010 until either September 29 or 30, 2010 when defendant was arrested. During that period of time Officer Cook did not have any physical address for defendant. He attempted to call defendant on the telephone but defendant would not return calls made to her cell phone.

A review of the file in this matter shows that the undersigned had previously placed defendant on terms and conditions of pretrial release on February 15, 2005 and on June 27, 2005 the undersigned entered an Order revoking the terms and conditions of pretrial release because defendant had violated those conditions.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1)　finds that there is----
> 　　(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> 　　(B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)　finds that ---
> 　　(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> 　　(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed

a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

It has been shown by clear and convincing evidence that defendant has violated a condition of release in that defendant failed to advise the court, her defense counsel and the U.S. Attorney in writing before she changed her address or telephone number.

The undersigned further finds there is no condition or combination of conditions of release that would assure the defendant would not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the defendant's actions and the fact the defendant has previously had her pretrial release revoked in 2005, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** defendant be detained pending further proceedings in this matter.

Signed: October 5, 2010

Dennis L. Howell
United States Magistrate Judge